**In the Matter of DELAWARE AND HUDSON RAILWAY COMPANY, a Delaware corporation.**

**Bankruptcy No. 88–342.**

United States Bankruptcy Court, D. Delaware.

Aug. 30, 1988.

Stanley Samorajczyk, Hazel, Thomas, Fiske, Beckhorn & Hanes, Washington, D.C., Joanne Wills, Morris, James, Hitchens & Williams, Wilmington, Del., for trustee.

Leona D. Jochnowitz, Albany, N.Y., for N.Y. State Dept. of Transportation.

R.H. Richards, III, Richards, Layton & Finger, Wilmington, Del., for debtor.

BENCH DECISION FOLLOWING HEARING ON NEW YORK STATE DEPARTMENT OF TRANSPORTATION'S MOTION FOR A LIMITED STAY PENDING APPEAL

HELEN S. BALICK, Bankruptcy Judge.

On August 12, this court denied New York State Department of Transportation's motion for change of venue in which the Railway Labor Executives' Assoc., North Eastern Industrial Park, Inc. and certain of debtor's employees who are plaintiffs in FELA litigation joined. NYSDOT has appealed that decision and now seeks a limited stay pending appeal. It describes that stay as one of all proceedings involving the people of the State of New York and the Department.

■ BR 8005 gives a bankruptcy judge discretion to suspend or order the continuation of other proceedings in the bankruptcy case during the pendency of an appeal of one of its orders. The judge in exercising this discretion is charged with protecting the rights of all parties in interest.

■ The test for the appropriateness of a stay pending appeal is the same as that for a preliminary injunction. In this instance, I must consider:

1. The likelihood that NYSDOT will prevail on the merits of the appeal.
2. NYSDOT will suffer irreparable injury unless the stay is granted.
3. The absence of substantial harm to other interested parties if a stay is granted.
4. The absence of harm to the public interest.

■ The first requirement that the movant is likely to be successful on appeal goes against the grain. If that were the case, the trier would have ruled in the movant's favor originally. That did not happen. Thus, I consider that NYSDOT will not prevail on appeal. On the other hand, while it is for the District Court to rule, I don't consider NYSDOT's appeal as one from an interlocutory order. It is certainly a final order on that issue.

The second requirement that NYSDOT will suffer irreparable harm has not been met. There is nothing in the record to indicate that there is any dispute between the Department and the Trustee or the debtor that is in litigation. Moreover, NYSDOT as well as its local counsel, who is eminently qualified to handle routine matters, receive adequate notice of all matters in which NYSDOT is involved in its separate capacity as the local New York regulatory agency or with respect to its representation of the interests of the people of New York. Should an actual dispute arise that cannot be amicably settled, a request for relief as to that particular matter may, and I stress may, be appropriate. Counsel in this District and the court have a history of at least attempting to accommodate the needs of individual parties and counsel with respect to scheduling hearings, teleconferencing, and so forth.

The third and fourth requirements—the absence of harm to other interested parties and to the public interest—may be combined. Section 1165 of title 11, United States Code charges the court and the trustee with considering the public interest. We have in a railroad case a public interest that goes beyond the interest of the people of New York. First and foremost is the national interest. If it were not so, there would be no I.C.C. It is in everyone's interest to maintain the country's system of railroads.

Part of that public are also interested parties—they are the customers, holders of leases or contracts of individuals in and outside the State of New York as well as employees in and outside the State of New York.

Should a stay be granted, each and every one of the interested parties and the public in general would be harmed inasmuch as the D & H would no longer be in a position to reorganize.

I am well aware that the request is for a limited stay. That request is unrealistic. NYSDOT has participated in all aspects of this case. It would be impossible to divorce anything in the reorganization from

the people of the State of New York. Consequently, the motion for limited stay is denied.

IT IS SO ORDERED.